# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DONALD LEWIS SYKES,**
**# 038164,**

    **Plaintiff,**

**vs.**                                             **Case No. 4:17cv24-MW/CAS**

**JULIE JONES, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff has initiated this case pro se and has attempted to file a civil rights case. However, Plaintiff did not pay the filing fee at the time he submitted his complaint, ECF No. 1, nor did Plaintiff properly file an in forma pauperis motion. Plaintiff did, however, submit a copy of his inmate bank account statement, ECF No. 2, but Plaintiff did not submit either a Prisoner Consent Form or a motion for in forma pauperis status. Plaintiff cannot be permitted to proceed with in forma pauperis status based solely on the submission of his account statement.

Moreover, it does not appear that Plaintiff can be granted in forma pauperis status in this case even if the appropriate motion had been filed. Judicial notice is taken that Plaintiff Donald Lewis Sykes, inmate number 038164, has previously had a case dismissed in this Court pursuant to 28 U.S.C. § 1915(g).  *See* case # 4:16cv334-WS/CAS.  In that case, it was noted that Plaintiff has had more than three prior cases dismissed in the Middle District of Florida as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See* case # 3:05cv1290–J–32TEM, case # 3:06cv415–J–32HTS, case # 3:06cv783–J–20TEM, case # 3:06cv1070–J–12MMH, and case # 3:07cv600–J–20HTS.  Each of those cases count as a "strike" under § 1915(g).

Plaintiff has also had cases dismissed in the Middle District of Florida under § 1915(g)'s three-strike provision in addition to the dismissal of case number 4:16cv334-WS/CAS in this Court.  See case # 3:08cv272–J–32TEM, case # 3:11cvc417–J–12JRK, case # 3:13cv939–J–99TJC–TEM, case # 3:14cv1160–J–39JRK, and case # 3:15cv1116–J–34MCR.  Plaintiff is well aware that he is not entitled to in forma pauperis status unless he files a complaint demonstrating that he is

"under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff acknowledges as much in the instant complaint. ECF No. 1 at 7.

The Prison Litigation Reform Act of 1995 (PLRA) provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff's complaint in this case presents similar claims to those he attempted to raise in case number 4:16cv334-WS/CAS. He continues to complain that he received a "massive dose of cyanide poison" on December 17, 2010. ECF No. 1 at 9; *see* ECF No. 6 at 8, case # 4:16cv334. He claims that when he did not "stay dead," he was put in a freezer in December 2010. ECF No. 1 at 9-11. He continues to allege that he receive additional cyanide poison in September 2015. ECF No. 1 at 9; *see* ECF No. 6 at 9, case # 4:16cv334. These are not new claims, nor does Plaintiff allege imminent danger. Plaintiff complains about events

which have taken place in the past at several different institutions including Hamilton Correctional Institution Annex, Franklin Correctional Institution, and the Regional Medical Center.  Indeed, most of the named Defendants are not physically located with Plaintiff.   Plaintiff cannot show imminent danger from a Defendant if he is not physically located with that Defendant.

Because Plaintiff did not submit a proper complaint setting forth facts showing he is under imminent danger of serious physical injury as required by 28 U.S.C. § 1915(g), and because he did not pay the filing fee at the time this case was initiated, this case should be dismissed *sua sponte.*

It is **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) as Plaintiff has not demonstrated that he is in imminent danger of serious physical injury.  Any and all pending motions should be **DENIED**.  It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on March 13, 2017.

 S/    Charles A. Stampelos  
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.